■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL W. RIDDELL, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: Defendant appeals from a judgment of conviction for first degree robbery (Penal Law § 160.15 [2]) and first degree reckless endangerment (Penal Law § 120.25). Defendant was tried jointly with a codefendant for charges arising from an inci-

dent in which the two men picked up a hitchhiker and then robbed him under threat of a shotgun. A reversal is required.

The trial court erred in permitting cross-examination of the defendant and codefendant with respect to the facts underlying a burglary committed on November 18, 1982, only two days after the crimes charged in the instant indictment. Both the defendant and codefendant timely objected to the prosecutor's questions and the issue is preserved for review (CPL 470.05 [2]), although we note that the better practice is for the defendant to seek a ruling in advance of trial (see, People v Sandoval, 34 NY2d 371). The prosecutor elicited from the codefendant that during the November 18, 1982 burglary he was in possession of a loaded shotgun and was driving the same car which was involved in the instant charges. The prosecutor's cross-examination of the defendant with respect to the burglary revealed that a shotgun was used, that the gun was the same one which the codefendant possessed in the instant robbery and that defendant had pleaded guilty to a reduced charge.

The record is barren of any inquiry by the trial court to balance the probative worth of the evidence regarding the November 18, 1982 burglary against the risk of prejudice to the defendant or codefendant (see, People v Williams, 56 NY2d 236, 239). While it is true that similarity of the crimes committed with the crime charged does not automatically preclude inquiry (see, People v Pavao, 59 NY2d 282), the line of questioning employed by the prosecutor here was designed to show that the defendant and codefendant were predisposed to commit robberies and burglaries with the shotgun admitted in evidence. This testimony was so prejudicial that whatever minimal probative value it may have had was clearly outweighed.

One other claim raised by defendant deserves comment. Defendant claims the trial court erred in permitting a State Police investigator to testify about statements the victim made to him which not only explained what the officer did after talking to the victim, but also provided detail of what the victim told him concerning the robbery. This testimony improperly bolstered the victim's testimony (see, People v Trowbridge, 305 NY 471, 475; People v Fagan, 104 AD2d 252, 256; People v Wooden, 66 AD2d 1004, 1005) and was error. (Appeal from judgment of Cattaraugus County Court, Crowley, J.—robbery, first degree.) Present—Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.