■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILA WINGATE, Appellant

Memorandum: Defendant was convicted of perjury in the second degree and of falsely reporting an incident in the third degree, based on statements she made to Department of Social Services officials that she never received her public assistance check. Defendant urges that the statements she made to a welfare fraud investigator during an interview, and an affidavit she signed swearing that she did not receive the check, should have been suppressed because her waiver of her *Miranda* rights was not knowing, intelligent and voluntary. We find that the record fully supports the conclusion of the hearing court that defendant made her statements in a noncustodial setting, although *Miranda* warnings were given, and that her statements were voluntary *(People v Bentley,* 106 AD2d 825, 826; *People v Accavallo,* 57 Misc 2d 264). (Appeal from judgment of Onondaga County Court, Burke, J.—perjury, second degree, and falsely reporting an incident, third degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. PRIBLE, Appellant

Memorandum: Defendant raises on appeal the same issues raised by his codefendant on an earlier appeal to this court *(see, People v Riddell,* 115 AD2d 986). Our memorandum decision on the *Riddell* appeal is dispositive of those issues and a reversal is required. We add only that defendant's claim that the evidence was insufficient as a matter of law to support the convictions is without merit and that except as otherwise held in our memorandum decision in *Riddell,* it was not error to permit cross-examination of defendant on his prior bad acts. (Appeal from judgment of Cattaraugus County Court, Crowley, J.—robbery, first degree, and reckless endangerment, first degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.