■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN J. ROSE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Coutant, J.), rendered July 6, 1984, convicting him of forgery in the second degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement and identification testimony.

Ordered that the judgment is affirmed.

It appears that the defendant has misread the record of his suppression hearing, since the court did render an oral decision at the close of all the evidence, stating its findings of fact and conclusions of law with respect to both the *Wade* and *Huntley* issues. Furthermore, the record establishes that the defendant was advised of the *Miranda* warnings by the arresting police officer who testified at the hearing. Although the defendant denied that these warnings had even been given to him, it was for the court to decide which testimony to credit. Based upon the evidence adduced at the hearing, we conclude that the court's findings were correct *(see, People v Spivack,* 111 AD2d 884; *People v Alver,* 111 AD2d 339, 340; *People v Armstead,* 98 AD2d 726).

By requesting in writing that a missing witness charge with regard to Reginald Brown be submitted to the jury, the defendant has preserved for our review, as a matter of law, his claim that the court erred by refusing to give the charge *(see,* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273, 280). However, the defendant has neither shown that Brown would have offered anything other than cumulative testimony if produced at the trial, nor that he was under the control of the People, which two criteria must be met before a missing witness charge can be given *(see, Chandler v Flynn,* 111 AD2d 300, 301; *People v Moore,* 17 AD2d 57, *cert denied* 371 US 838). In fact, it appears that Brown was a friend of the defendant who may have been equally available to the defense and the prosecution.

We find no error with respect to the admissibility of any of the in-court identifications *(see, People v Camacho,* 110 AD2d 844) and note that the weight to be accorded thereto is a matter for the jury to resolve *(see, People v Herriot,* 110 AD2d 851).

We find no merit to the defendant's remaining contentions. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.