■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY C. EATMON, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The court erred in permitting the alternate juror to attend lunch with the regular jurors after the jury had commenced deliberations. That action was in direct contravention of the statutory mandate that after the jury has retired to deliberate, the court must direct the alternate jurors not to discuss the case and must further "direct that they be kept separate and apart from the regular jurors" (CPL 270.30).

The People contend that because defendant did not object to the luncheon arrangements, the issue is not preserved for review. While it is true that the error is not preserved, it is nevertheless reviewable because it affects defendant's constitutional right to a jury *(see, Cancemi v People,* 18 NY2d 128) and affects the mode of proceedings prescribed by law *(see, People v Ahmed,* 66 NY2d 307, 310; *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197).

Preservation and waiver are, of course, distinct concepts *(People v Iannone,* 45 NY2d 589) and unless defendant intentionally relinquished or abandoned the rights secured to him under CPL 270.30, a reversal is required *(see, People v Ahmed, supra,* at 311; *People v Thomas,* 91 AD2d 857). On this record it cannot be said that defendant waived his right to have the alternate juror kept separate and apart from the regular jurors after the jury had commenced deliberations. Accordingly, the judgment must be reversed.

Since there must be a new trial, we note that the testimony of Police Officer Murphy concerning the identification of defendant at Deaconess Hospital by the witness Taliaferro constituted improper bolstering *(see, People v Trowbridge,* 305 NY 471; *People v Riddell,* 115 AD2d 986).

The other issues raised by defendant on appeal are without merit. (Appeal from judgment of Supreme Court, Erie County, Bayger, J.—robbery, first degree.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.