■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LETIZIA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court committed reversible error when it permitted the alternate jurors to have dinner with the regular jurors after jury deliberations commenced. If the alternate and regular jurors did in fact dine together after the jury had commenced deliberations, a reversal of defendant's conviction would be required (see, *People v Eatmon*, 136 AD2d 909; CPL 270.30). We are unable, however, to make that factual determination on this record. "Since the conduct which is claimed to be improper and prejudicial does not appear in the record, the issue may be raised in a proceeding under CPL article 440" (*People v Cleveland*, 132 AD2d 921, *lv denied* 70 NY2d 750).

Contrary to the contention of the People, we cannot say on this record that defendant intentionally waived, relinquished or abandoned the rights secured to him under CPL 270.30 *(see, People v Ahmed,* 66 NY2d 307, 311; *People v Eatmon, supra,* at 909).

We have reviewed the remaining contentions of defendant, including those points raised in his supplemental *pro se* brief, and we find them to be lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J., at trial; Francis, J., on suppression issue—murder, second degree, and other charges.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.