■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COSTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 21, 1990, convicting him of attempted murder in the second degree, robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the

court committed reversible error by denying his timely request for a missing witness charge. Although the defendant established that the missing witness, the girlfriend of the complainant, was in the complainant's company when he was allegedly robbed and shot by the defendant and his two accomplices, and thus that she could be expected to have knowledge about a material issue *(People v Kitching,* 78 NY2d 532), the People established that the missing witness would be not able to identify the defendant. Thus, this witness's testimony would not have been favorable to the People. Moreover, the People disclosed this information prior to opening statements. Following this disclosure, the prosecutor offered to make this witness available to the defense. The defense counsel declined to avail herself of this opportunity to present the testimony of this witness who clearly was not under the People's control *(see, People v Rose,* 126 AD2d 581). Under these circumstances this missing witness was equally available to the defendant *(see, People v Rose, supra).* Therefore, a missing witness charge was properly denied. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.