■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZATO JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 16, 1989, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

By affidavit submitted in support of a request for the search warrant which the defendant challenges, a police detective stated that three "confidential informants" separately advised him that the defendant and his father lived at a particular address on the street where certain shootings occurred, that one of these confidential informants advised the detective that he had seen the defendant's father firing a shotgun from between two buildings on that street at a specified time, that the second and third informants advised the detective that they saw the defendant discharging a firearm from a nearby location, and that the detective believed the informants to be reliable because their statements were corroborated by physical evidence at the scene. The detective further attested that the defendant's father had informed him personally that he owned a gun which the defendant had taken from their home on a prior occasion and later returned.

The defendant contends that since the detective's affidavit did not contain information that because it was dark, the confidential informant who identified the defendant's father as a shooter was not sure of his identification, the detective knowingly or recklessly presented false information on his application for the search warrant. The defendant also contends that there was no showing of reasonable cause to believe

that described guns would be found on premises occupied by the defendant and his father so as to support the issuance of the warrant.

In light of the particularity of detail with which the shooter who was identified as the defendant's father was described to the detective, and considering that the detective had visited defendant's father at his home before he applied for the search warrant, the defendant did not sustain his burden of establishing that the detective, in applying for the search warrant, knowingly made false statements or did so with reckless disregard for their truth (see, People v Tambe, 71 NY2d 492, 504-505; see also, People v Ingram, 79 AD2d 1088). In any event, the search warrant application contains sufficient additional factual information to support issuance of the warrant (see, People v Tambe, supra; cf., CPL 690.10 [3], [4]; 690.35 [2]). To the extent that the defendant's challenge to the warrant can be construed as directed at the reliability of the "informants", we note that, given the detail of what they reported and the independent corroborative evidence set forth in the search warrant affidavit, this contention is without merit (see, People v Hanlon, 36 NY2d 549).

The defendant further contends that he was deprived of a fair trial because alternate jurors deliberated with sitting jurors (see, People v Eatmon, 136 AD2d 909). However, the record provides no support for this contention (see, People v Letizia, 155 AD2d 952, cert denied 498 US 826). Nor do we discern any basis for disturbing the sentence imposed (see, People v Suitte, 90 AD2d 80; see also, People v Magee, 116 AD2d 742).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.