■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS WEEKS, Appellant. [654 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 20, 1995, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the police did not have probable cause to arrest him is without merit. In order to effect a warrantless arrest of a defendant, the police must have probable cause (see, People v Johnson, 66 NY2d 398; People v Bigelow, 66 NY2d 417). Probable cause may be based on hearsay and, in such cases, New York follows the Aguilar-Spinelli rule (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410; People v Johnson, supra; People v Bigelow, supra). Here, the informant's basis of knowledge was his personal observations, and his reliability was established through his willingness to give a sworn videotaped statement. In addition, his story was corroborated by independent police investigation

and two eyewitnesses, who were brought to the attention of the police by the informant. Accordingly, the police had probable cause to arrest the defendant and suppression of the identification testimony was properly denied.

In addition, the court properly denied the defendant's requests for a missing-witness charge since one of the witnesses in question was not shown to be under the People's control (*see, People v Gonzalez*, 68 NY2d 424, 428; *People v Costa*, 183 AD2d 722), and the other witness was unavailable (*see, People v Gonzalez, supra,* at 428-429). Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.