■ The People of the State of New York, Respondent, v David Holman, Also Known as Sir D, Appellant. [670 NYS2d 531] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 6, 1996, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495).

The defendant did not meet his burden of establishing that

the detective, in applying for a search warrant, knowingly made false statements or did so with reckless disregard for the truth (*see, People v Jenkins,* 184 AD2d 585). Moreover, any doubt as to whether the allegations in the detective's affidavit were perjurious "should be resolved in favor of the warrant since those allegations have already been examined by a judicial officer in issuing the warrant" (*People v Alfinito,* 16 NY2d 181, 186). Contrary to the defendant's contention, the court properly allowed the People's witness to testify as an expert in the field of forensic DNA analysis and the court's decision, given the absence of an abuse or improvident exercise of discretion, should not be disturbed on appeal (*see, People v Cronin,* 60 NY2d 430).

Additionally, the defendant's request for a missing-witness charge was properly denied since the defendant failed to show that the missing witness would have offered anything other than cumulative testimony if produced at trial or that she was under the control of the People (*see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424; *People v Rose,* 126 AD2d 581).

We find no error with respect to the admissibility of the witness's in-court identification and note that the weight to be accorded thereto is a matter for the jury to resolve.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.