*890 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On the People’s appeal the Appellate Division correctly held that the defendant’s conviction for forgery must be set aside. The order in that respect is affirmed for the reasons stated in the Appellate Division memorandum (96 AD2d 1083).
On the defendant’s appeal it is contended that his pretrial suppression motion should have been granted with respect to evidence seized by his parole officer from the defendant’s apartment after his arrest on a parole violation warrant.
At the hearing the parole officer testified that the defendant had committed four or five parole violations. The officer had determined that the defendant had been arrested in New Jersey for possession of marihuana, at which time he also possessed a note stating: “Be calm. There’s a bomb in this case. Give me your money or I’ll blow it up”. The officer had also been informed by the FBI that the defendant was under investigation in connection with several recent bank robberies. When the parole officer subsequently observed the defendant driving a car, and attempted to stop him, he was unable to apprehend him. From the license plate number the officer discovered that the car had been rented from an agency approximately six months earlier, and had not been returned. The officer had also learned that the defendant’s name did not appear in the rental agreement and that the defendant was residing, and keeping the car, at an address other than that listed in the rental agreement.
Under all of these circumstances it cannot be said that the trial court erred, as a matter of law, in concluding that the search of the defendant’s apartment by his parole officer, with police assistance, after his arrest on the parole warrant “was in furtherance of parole purposes and related to his duty as a parole officer” (cf. People v Huntley, 43 NY2d 175).
*891 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.