■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SMITH, Appellant. [651 NYS2d 807] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress cocaine seized from defendant during a search undertaken by his parole officer with the assistance of a Syracuse police officer. The search, initiated by the parole officer based upon information that defendant was selling drugs and associating with drug dealers, was substantially related to the performance of the parole officer's duty to detect and prevent parole violations (see, People v Huntley, 43 NY2d 175, 181). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JONES, Appellant. [651 NYS2d 808] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of robbery in the first degree (Penal Law § 160.15) and one count each of assault in the second degree (Penal Law § 120.05) and petit larceny (Penal Law § 155.25), defendant contends that the police officer lacked probable cause to arrest him, thus requiring suppression of identification testimony. That contention lacks merit.

It is well settled that neither mere presence at a scene of criminal activity nor flight from the police establishes probable cause (see, Ybarra v Illinois, 444 US 85, 91, reh denied 444 US 1049; People v Howard, 50 NY2d 583, cert denied 449 US 1023). The record in this case, however, establishes that the officer had probable cause to arrest defendant based upon his observation of criminal activity on the part of defendant and his three companions (see, CPL 140.10 [1] [b]; People v Maldonado, 86 NY2d 631, 635; People v Bigelow, 66 NY2d 417, 423; People v Carrasquillo, 54 NY2d 248, 254). Contrary to defendant's contention, the decision in Ornelas v United States (517 US —, 116 S Ct 1657) does not require a different result. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.

■ GEORGE McCOY et al., Respondents, v CLEMENT CHEN AND ASSOCIATES, Doing Business as BUFFALO HILTON DEVELOPMENT VENTURE, et al., Appellants. [652 NYS2d 569] —Order unanimously reversed on the law without costs and judgment reinstated for reasons stated in decision at City Court of Buffalo (Scott, J.). (Appeal from Order of Erie County Court, Rogowski, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.