■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JOHNSON, Appellant. [702 NYS2d 567] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Kreindler, J.), rendered February 18, 1998, convicting him of murder in the second degree (two counts), attempted murder in the second degree, kidnapping in the first degree, kidnapping in the second degree, rape in the first degree (four counts), and sodomy in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant failed to preserve his objection to the legal sufficiency of the evidence (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Allah,* 71 NY2d 830; *People v Coulter,* 240 AD2d 756; *People v Bosque,* 78 AD2d 986). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the People satisfied their burden of proving, under the totality of the circumstances, that the defendant's will was not overborne or his capacity for self-determination critically impaired before making his oral, written, and videotaped statements to police (*see, People v Anderson,* 42 NY2d 35, 41; *People v Blake,* 242 AD2d 728; *People v Garcia,* 216 AD2d 319). The defendant's contention that the suppression hearing should have been reopened is unpreserved for appellate review. The defendant failed to ask the trial court to reopen the hearing based on the evidence at trial. In any event, that contention is without merit (*see,* CPL 710.40 [4]; *People v Clark,* 88 NY2d 552, 555; *People v Vorvolakos,* 243 AD2d 286).

The defendant's remaining contentions are without merit (*see,* Penal Law § 70.25 [2]; *People v Mack,* 242 AD2d 543; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.