■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARY FELDER, Appellant. [708 NYS2d 774] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress evidence seized from defendant when he was stopped for a curfew violation by parole officers with the assistance of a Syracuse police officer. We reject the contention of defendant that the stop was illegal in the absence of exigent circumstances because it was not conducted by his own parole officer (*see, People v Van Buren,* 198 AD2d 533, *lv denied* 83 NY2d 811). Defendant further contends that the curfew violation was a pretext and that the parole officers were acting as agents of the police officer, who was searching for drugs. We disagree (*cf., People v Mackie,* 77 AD2d 778; *People v Candelaria,* 63 AD2d 85). Defendant was stopped because he was suspected of violating his curfew. In any event, information supplied by the police officer provided a reasonable basis to believe that defendant was selling drugs, and the search "was substantially related to the performance of the parole officer's duty to detect and prevent parole violations" (*People v Smith,* 234 AD2d 1002, *lv denied* 89 NY2d 988). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.