■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MORALES, Appellant. [721 NYS2d 526] —Judgment, Supreme Court, New York County (Colleen McMahon, J., at hearing; Bruce Allen, J., at jury trial and sentence), rendered July 7, 1998, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Regardless of which party is deemed to have the burden of proof on the issue of custodial interrogation (*see, People v Alls*, 83 NY2d 94, 102, 113), the record establishes that defendant was not in custody nor was he interrogated at the time he made the first statement at issue (*see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *People v Ferro*, 63 NY2d 316, *cert denied* 472 US 1007; *People v Huffman*, 41 NY2d 29). The record also supports the hearing court's conclusion that his second statement was spontaneously blurted out and was not the product of any interrogation. Accordingly, both of these statements were admissible despite the absence of *Miranda* warnings.

The court properly exercised its discretion in denying defendant's motion to reopen the suppression hearing to permit the testimony of a previously unavailable witness who would allegedly testify that defendant was in handcuffs at the time he made the first statement at issue. This was not an "additional pertinent fact" (CPL 710.40 [4]) that defendant could not have discovered with reasonable diligence before the determination of the original motion, since defendant must have been aware of whether or not he was handcuffed (*see, People v Hankins*, 265 AD2d 572, *lv denied* 94 NY2d 880; *People v Mitchell-Benetiz*, 168 AD2d 994, *lv denied* 77 NY2d 909). Moreover, at the time of the hearing, defendant had an available witness who would have been knowledgeable on this issue.

The court properly denied defendant's request for a missing witness charge with respect to a police officer who did not hear defendant's second statement despite being nearby (*see, People v Dianda*, 70 NY2d 894).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.