THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PETERSON, Appellant. [777 NYS2d 48]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered November 29, 2001, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree (three counts), and sexual abuse in the first degree (four counts), and sentencing him, as a second violent felony offender, to an aggregate term of 107 years, and judgment, same court (Robert H. Straus, J., at suppression hearing; Richard Lee Price, J., at jury trial and sentence), rendered April 30, 2002, convicting defendant of sodomy in the first degree and attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 25 years and 15 years, consecutive with the previously imposed sentences, unanimously affirmed.

The verdicts at both trials were based on legally sufficient evidence and were not against the weight of the evidence (*see*

*People v Bleakley*, 69 NY2d 490 [1987]). At each trial, issues of identification were properly considered by the jury and there is no basis for disturbing its determinations.

The court properly exercised its discretion in denying. defendant's application to testify at the reopened suppression hearing (*see People v Morales*, 281 AD2d 182 [2001], *lv denied* 96 NY2d 922 [2001]; *cf. People v Washington*, 71 NY2d 916 [1988]). Defendant was not deprived of his constitutional right to testify (*see Rock v Arkansas*, 483 US 44, 52 [1987]), since he had that opportunity at the original hearing but declined to do so (*see e.g. United States v Peterson*, 233 F3d 101, 105-107 [2000]), and the hearing was reopened only for the purpose of allowing counsel to utilize previously unavailable grand jury testimony in further cross-examination of a prosecution witness (*see People v Feerick*, 93 NY2d 433, 451-452 [1999]). Defendant's proposed testimony was unrelated to the specific limited reason for the reopening, nor did it include any "additional pertinent facts" (CPL 710.40 [4]) that defendant could not have presented at the original hearing.

The court properly denied defendant's suppression motion. The record supports the hearing court's findings that the parole officers were pursuing parole-related objectives when they exercised their lawful authority to enter defendant's apartment and place him in custody as a parole violator, and that although they were assisted by police officers who remained nearby for additional security, the parole officers did not act as agents of the police (*see People v Hale*, 93 NY2d 454 [1999]; *People v Lopez*, 288 AD2d 70 [2001], *lv denied* 97 NY2d 706 [2002]; *People v Felder*, 272 AD2d 884 [2000], *lv denied* 95 NY2d 905 [2000]).

The court's *Sandoval* ruling, which prevented undue prejudice by precluding elicitation of the underlying facts of defendant's prior convictions, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Mattiace*, 77 NY2d 269, 275-276 [1990]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

We perceive no basis for reducing the sentences.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.