■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. JOHNSON, Appellant. [854 NYS2d 609]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the fifth degree (Penal Law §§ 110.00, 220.06 [2]), defendant contends that Supreme Court erred in refusing to suppress the marihuana and cocaine found when his parole officer searched the vehicle that defendant had driven to his appointment with the parole officer. We reject that contention. The record establishes that defendant previously had failed drug tests and also had failed the drug test given on the day in question. In addition, defendant had an inexplicably large amount of cash on his person that day. We thus conclude that "the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty" (*People v Huntley*, 43 NY2d 175, 181 [1977]; *see People v Lopez*, 288 AD2d 70 [2001], *lv denied* 97 NY2d 706 [2002]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]). "In any event, '[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed' " (*People v Turner*, 16 AD3d 1150 [2005], *lv denied* 5 NY3d 770 [2005], quoting *People v Clairborne*, 29 NY2d 950, 951 [1972]). Finally, the fact that the court did not inform defendant that he may be subject to predicate felon treatment in the future did not render the plea involuntary or unknowing (*see People v Folk*, 43 AD3d 1229, 1230 [2007]; *People v August*, 33 AD3d 1046, 1050 [2006], *lv denied* 8 NY3d 878 [2007]). Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.