■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE JOHNSON, Appellant. [864 NYS2d 132]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 19, 2006, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the search of his residence by parole officers violated his right to be secure against unreasonable searches and seizures. Not only did the defendant consent to the search of his residence, but also, he had previously executed a "Certificate of Release," which, although not "a blanket waiver of all constitutional rights to be secure from unreasonable searches and seizures," authorizes a parole officer to search a defendant's person, residence, and property, where, as here, the search was rationally and reasonably related to the parole officer's duties to prevent violations of parole (*People v Huntley*, 43 NY2d 175, 182-183 [1977]; *see People v Brown*, 276 AD2d 635 [2000]). Moreover, the evidence established that parole officers initiated and conducted the search based on the statements of the defendant's girlfriend and the defendant's admission to possession of marihuana. Since the search by the parole officers was in furtherance of parole purposes and related to their duties as parole officers, the assistance of police officers at the scene did not render the search a police operation (*see People v Johnson*, 63 NY2d 888 [1984]; *People v Montero*, 44 AD3d 796, 797 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v. Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of crimi-

nal possession of a controlled substance in the first degree beyond a reasonable doubt. The evidence established that the defendant exercised a sufficient level of dominion and control over the subject room of the residence, including possession of the key to the safe in which cocaine was found, to support the jury's finding that he constructively possessed the cocaine found in the safe (*see People v Manini*, 79 NY2d 561, 573 [1992]; *People v Price*, 14 AD3d 718 [2005]; *People v Nunziata*, 10 AD3d 695 [2004]; *People v Hojas*, 271 AD2d 547 [2000]; *People v Bright*, 210 AD2d 244 [1994]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.