■ The People of the State of New York, Respondent, v Floyd M. Maynard, Appellant. [887 NYS2d 882]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 12, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that Supreme Court erred in refusing to suppress evidence seized from his residence during a search conducted by his parole officer. We reject that contention. Defendant was on parole at the time of the search, having been released from the drug treatment program in which he participated following his conviction of attempted criminal possession of a controlled substance in the fifth degree. The search was initiated by the parole officer based upon his observation that defendant was living beyond his means and his belief that defendant therefore may have been selling drugs. We thus conclude that the search was "rationally and reasonably related to the performance of the parole officer's duty" (*People v Huntley*, 43 NY2d 175, 181 [1977]; *see People v Johnson*, 49 AD3d 1244 [2008], *lv denied* 10 NY3d 865 [2008]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Gorski, JJ.