■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEJIA CINTO, Appellant. [915 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 5, 2009, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the, in effect, denial of that branch of the defendant's motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the evidence was legally insufficient to establish his guilt of manslaughter in the first degree, that contention is unpreserved for appellate review and, in any event, is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence presented at trial supported a finding that the defendant acted with intent to cause serious physical injury to the victim (*see* Penal Law § 125.20 [1]).

The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court should have suppressed certain statements he made to law enforcement personnel is unpreserved for appellate review, as the defendant did not seek sup-

pression of his statements in the Supreme Court on the ground he now advances (*see People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]). In any event, the defendant's contention is without merit.

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 711-713 [1998]). Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.