# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

615
KA 10-00826
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DONATO NAPPI, DEFENDANT-APPELLANT.
_____

CHRISTOPHER J. PELLI, UTICA (SIMONE M. SHAHEEN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

JOHN H. CRANDALL, SR., DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE
OF COUNSEL), FOR RESPONDENT.
-----------------------------------------------------------------------

Appeal from a judgment of the Herkimer County Court (Patrick L.
Kirk, J.), rendered March 15, 2010.  The judgment convicted defendant,
upon a jury verdict, of criminal possession of a weapon in the third
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of criminal possession of a weapon in the third
degree (Penal Law § 265.02 [1]).  Viewing the evidence in light of the
elements of the crime as charged to the jury (*see People v
Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the
verdict is against the weight of the evidence (*see generally People v
Bleakley*, 69 NY2d 490, 495).  Defendant's challenge to the legal
sufficiency of the evidence before the grand jury "is not properly
before us on this 'appeal from an ensuing judgment of conviction based
upon legally sufficient trial evidence' " (*People v McCullough*, ___
AD3d ___, ___ [Apr. 1, 2011]).  We reject defendant's further
contention that the integrity of the grand jury was impaired inasmuch
as the People have no duty "to present all evidence in their
possession that is favorable to [defendant]" (*People v Lancaster*, 69
NY2d 20, 26, *cert denied* 480 US 922; *see also People v Bean*, 66 AD3d
1386, *lv denied* 14 NY3d 769).

Defendant contends that County Court erred in allowing his wife,
a prosecution witness, to give certain testimony because it violated
the marital privilege (*see* CPLR 4502 [b]; CPL 60.10; *People v
Fediuk*, 66 NY2d 881, 883).  We reject that contention inasmuch as
defendant's words and actions at issue were in furtherance of a
criminal enterprise (*see generally People v Smythe,* 210 AD2d 887, *lv
denied* 85 NY2d 943; *People v Watkins*, 63 AD2d 1033, 1034, *lv denied* 45

NY2d 785, *cert denied* 439 US 984). In any event, any error with respect to that testimony is harmless inasmuch as the proof of defendant's guilt was overwhelming and there is no significant probability that he would have been acquitted but for the error (*see People v Marinaccio*, 15 AD3d 932; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Defendant further contends that reversal is required because the evidence at trial with respect to the date of the offense was at variance with the date alleged in the indictment. We reject that contention. "An indictment must contain . . . [a] statement in each count that the offense charged therein was committed on, *or on or about*, a designated date, or during a designated period of time" (CPL 200.50 [6] [emphasis added]). Here, the indictment alleged that the offense occurred "on or about the 5th day of January, 2009." Although evidence was presented at trial with respect to defendant's conduct during a period of time prior to that date, reversal is not required because "[t]he time of the offense is not a material element of the offense and the variance is relatively minor" (*People v Davis*, 15 AD3d 920, 921, *lv denied* 4 NY3d 885, 5 NY3d 787).

The court properly refused to suppress the gun and ammunition that was seized from defendant's residence by his parole officer. A defendant's parole officer may conduct a warantless search where "the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty" (*People v Huntley*, 43 NY2d 175, 181). We conclude that the parole officer's search of the residence was rational and reasonably related to the performance of his duty of preventing "parole violations for the protection of the public from the commission of further crimes" (*id.; see People v Maynard*, 67 AD3d 1391, *lv denied* 14 NY3d 890; *People v Johnson*, 54 AD3d 969, 970). The parole officer had a rational and reasonable basis to believe a gun would be located in the residence based on the information given to him by defendant's wife (*see People v Felder*, 272 AD2d 884, *lv denied* 95 NY2d 905), and the fact that police officers assisted after the gun was found by obtaining a warrant to search the remainder of the premises did not render the initial search by the parole officer a police operation (*see Johnson*, 54 AD3d at 970).

Contrary to defendant's contention, the court properly precluded defendant from cross-examining a prosecution witness concerning certain collateral matters. "The trial court has broad discretion to limit the scope of cross-examination when the questions . . . concern collateral issues" (*People v Francisco*, 44 AD3d 870, 870, *lv denied* 9 NY3d 1033; *see People v Neal*, 294 AD2d 869, *lv denied* 98 NY2d 700). Likewise, the court properly precluded defendant from calling certain witnesses to testify inasmuch as that testimony would also have concerned collateral matters. A defendant may not " 'introduce extrinsic evidence on a collateral matter solely to impeach [the] credibility' " of a witness (*People v Simmons*, 21 AD3d 1275, *lv denied* 6 NY3d 781, quoting *People v Alvino*, 71 NY2d 233, 247). Defendant failed to preserve for our review his further contention that the prosecutor engaged in misconduct by introducing evidence of his prior bad acts despite the fact that no *Molineux* hearing had been conducted inasmuch as he never objected to the evidence on that ground

(*see People v Fyffe*, 249 AD2d 938, *lv denied* 92 NY2d 897; *People v Thomas*, 226 AD2d 1071, *lv denied* 88 NY2d 995).  The majority of defendant's additional contentions regarding alleged instances of prosecutorial misconduct are also unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have considered defendant's remaining contentions, including his contention with respect to prosecutorial misconduct insofar as it is preserved for our review, and we conclude that they are without merit.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court