THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOURIOCKIEN VANN, Also Known as KOURIOCKIAN VANN, Appellant. [938 NYS2d 182]

The specific arguments the defendant makes to support his contention that the Supreme Court erred in denying that branch of his motion which was to suppress physical evidence are unpreserved for appellate review, as they were not raised before the suppression court (*see* CPL 470.05 [2]; *People v Inge*, 90 AD3d 675 [2011]; *People v Thompson*, 27 AD3d 495 [2006]). In any event, the contentions are without merit, as the search of his apartment was rationally and reasonably related to the pa-

role officer's duty to detect and prevent parole violations (*see People v Huntley*, 43 NY2d 175, 182-183 [1977]; *People v Johnson*, 54 AD3d 969 [2008]). Moreover, the parole officer did not act as an agent or conduit for the police in conducting the search. The parole officer initiated and conducted the search, which was in furtherance of parole purposes and related to his duties as a parole officer. Accordingly, the assistance of police officers at the scene did not render the search a police operation (*see People v Johnson*, 54 AD3d at 970; *People v Montero*, 44 AD3d 796 [2007]).

The specific argument the defendant now raises in support of his contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress statements he made during the search of his apartment is unpreserved for appellate review, as it was not raised before the suppression court (*see* CPL 470.05 [2]; *People v Cinto*, 80 AD3d 775 [2011]). In any event, the argument is without merit (*see People v Paulman*, 5 NY3d 122, 129 [2005]; *People v Mateo*, 2 NY3d 383, 416 [2004], *cert denied* 542 US 946 [2004]; *People v Borukhova*, 89 AD3d 194, 211-213 [2011]; *People v Johnson*, 269 AD2d 405 [2000]).

The defendant's remaining contention is without merit. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.