# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**KA 10-02161**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

ANDRE L. SCOTT, ALSO KNOWN AS ANDRE SCOTT,
DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered October 28, 2010. The judgment convicted
defendant, upon a jury verdict, of burglary in the first degree,
attempted murder in the second degree and arson in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury
verdict of, inter alia, attempted murder in the second degree (Penal
Law §§ 110.00, 125.25 [1]) and arson in the second degree (§ 150.15),
defendant contends that the evidence is legally insufficient to
support the conviction. We reject that contention. Viewing the
evidence in the light most favorable to the People (*see People v
Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of
reasoning and permissible inferences to support the jury's finding
that defendant committed the crimes of which he was convicted based on
the evidence presented at trial (*see generally People v Bleakley*, 69
NY2d 490, 495). Furthermore, viewing the evidence in light of the
elements of the crimes as charged to the jury (*see People v Danielson*,
9 NY3d 342, 349), we conclude that the verdict is not against the
weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that County Court erred in
refusing to suppress evidence that was seized by a parole officer and
provided to the police officers investigating the instant criminal
activity. It is well settled that a "parole officer may conduct a
warrantless search where 'the conduct of the parole officer was
rationally and reasonably related to the performance of the parole
officer's duty' " (*People v Nappi*, 83 AD3d 1592, 1593, *lv denied* 17
NY3d 820, quoting *People v Huntley*, 43 NY2d 175, 181). Here, two
parole officers were assisting Batavia police officers in locating

defendant, and the parole officers smelled alcohol on defendant's
breath.  They knew that defendant's special conditions of parole
prohibited him from consuming alcohol, and they therefore were acting
within their duties in taking samples of his saliva and breath for
alcohol and drug testing purposes.  Based on the evidence presented at
the suppression hearing, we cannot conclude that "the trial court
erred, as a matter of law, in concluding that the search of the
defendant[] . . . by [the] parole officer[s], with police assistance,
. . . 'was in furtherance of parole purposes and related to [their]
duty' " as parole officers (*People v Johnson*, 63 NY2d 888, 890, *rearg
denied* 64 NY2d 647; *see People v Lynch*, 60 AD3d 1479, 1480, *lv denied*
12 NY3d 926).

     Contrary to defendant's further contention, the court did not
abuse its discretion in refusing to permit him to introduce evidence
of a third party's alleged involvement in the criminal activity.
Although "evidence tending to show that another party might have
committed the [criminal activity] would be admissible, before such
testimony can be received there must be such proof of connection with
it, such a train of facts or circumstances as tend clearly to point
out [someone] besides [defendant] as the guilty party" (*Greenfield v
People*, 85 NY 75, 89; *see People v Schulz*, 4 NY3d 521, 529).
Furthermore, "[r]emote acts, disconnected and outside of the [criminal
activity] itself, cannot be separately proved for such a purpose"
(*Greenfield*, 85 NY at 89; *see Schulz*, 4 NY3d at 529).  Here, given the
lack of evidence supporting defendant's theory, "the testimony of the
defense witness that the third party in question might have [had a
motive to harm one of the residents of the apartment building where
the fire occurred] was irrelevant and, indeed, was likely to cause
undue prejudice . . . and confusion with respect to the evidence
presented to the jury" (*People v Prindle*, 63 AD3d 1597, 1598, *mod on
other grounds* 16 NY3d 768 [internal quotation marks omitted]; *see
Schulz*, 4 NY3d at 528).  "Contrary to the defendant's [further]
contention, the court properly allowed the People's witness to testify
as an expert in the field of forensic DNA analysis and the court's
decision, given the absence of an abuse or improvident exercise of
discretion, [will] not be disturbed on appeal" (*People v Holman*, 248
AD2d 637, 638, *lv denied* 92 NY2d 853, 861; *see generally People v
Cronin*, 60 NY2d 430, 432-433).

     Inasmuch "as defense counsel never specifically objected to the
DNA testimony on the grounds he now presses on appeal, namely that
[there was an insufficient foundation for the introduction of that
evidence due to the testing that was performed], defendant failed to
preserve this issue for our review" (*People v Encarnacion*, 87 AD3d 81,
89, *lv denied* 17 NY3d 952; *see generally People v Gray*, 86 NY2d 10,
19).  In any event, defendant's contentions go to the weight of the
evidence, not its admissibility (*see People v Borden*, 90 AD3d 1652,
1653).  Contrary to defendant's further contention that there was an
insufficient chain of custody with respect to the evidence upon which
the DNA testing was performed, we conclude that " 'the circumstances
provide reasonable assurances of the identity and unchanged condition'
of the evidence" (*People v Julian*, 41 NY2d 340, 343), and any
deficiencies in the chain of custody therefore "affect only the weight

of the evidence and not its admissibility" (*People v Watkins*, 17 AD3d 1083, 1084, *lv denied* 5 NY3d 771).

Finally, defendant failed to preserve for our review his contention that the orders of protection issued by the court do not comport with CPL 530.13 (*see People v Nieves*, 2 NY3d 310, 315-317), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court