# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1448

KA 10-01825

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DASHAWN DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (RENE JUAREZ OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 5, 2010. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, criminal possession of a weapon in the second degree, criminally using drug paraphernalia in the second degree, criminal possession of marihuana in the fourth degree, unlawful possession of marihuana, and unlawfully tinted windows.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a controlled substance (CPCS) in the third degree (Penal Law § 220.16 [12]), CPCS in the fourth degree (§ 220.09 [1]), CPCS in the seventh degree (§ 220.03), criminal possession of a weapon in the second degree (§ 265.03 [3]), criminally using drug paraphernalia in the second degree (§ 220.50 [3]), criminal possession of marihuana in the fourth degree (§ 221.15), and unlawful possession of marihuana (§ 221.05). We reject defendant's contention that Supreme Court erred in refusing to suppress evidence that was seized from his apartment by parole officers and provided to police officers. It is well settled that a "parole officer may conduct a war[r]antless search where 'the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty' " (*People v Nappi*, 83 AD3d 1592, 1593, *lv denied* 17 NY3d 820, quoting *People v Huntley*, 43 NY2d 175, 181; *see People v Scott*, 93 AD3d 1193, 1194, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001). On the date of defendant's arrest, he was a parolee. Defendant was arrested for

possessing cocaine and marihuana that the police found on his person during a lawful traffic stop and pat down.  The police officers contacted the Division of Parole to inform it of defendant's parole violation.  Parole officers decided to search defendant's apartment, and they requested the help of police officers and a canine unit. Based on the evidence presented at the suppression hearing, we cannot conclude that the court "erred, as a matter of law, in concluding that the search of the defendant's apartment by [the] parole officer[s], with police assistance, . . . 'was in furtherance of parole purposes and related to [their] duty . . . as parole officer[s]' " (*People v Johnson*, 63 NY2d 888, 890, *rearg denied* 64 NY2d 647; *see Scott*, 93 AD3d at 1194; *People v Lynch*, 60 AD3d 1479, 1480, *lv denied* 12 NY3d 926).

Defendant also challenges the sufficiency and weight of the evidence supporting the convictions of criminal possession of a weapon and controlled substances, contending that the People failed to show constructive possession of the weapon and drugs by demonstrating that he "had dominion and control over the area where the contraband was found" (*People v Shoga*, 89 AD3d 1225, 1227, *lv denied* 18 NY3d 886; *see* Penal Law § 10.00 [8]).  At trial, the People established that defendant was living in the apartment, he told his parole officer that he was living in that apartment, he had keys to the apartment and to a safe in the apartment in which contraband was found, his name was on the apartment's mailbox, pieces of mail addressed to him were found in the apartment, and items of male clothing were found in the apartment. Viewed in the light most favorable to the People, the evidence is legally sufficient to establish that he had dominion and control over the area where the contraband was found (*see People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the possessory crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), including criminally using drug paraphernalia in the second degree, we conclude that the verdict is not against the weight of the evidence (*see id.* at 348-349; *People v Lane*, 7 NY3d 888, 890; *Bleakley*, 69 NY2d at 495).  We further conclude that the sentence is not unduly harsh or severe.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court