# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1332**

**KA 12-02286**

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARK A. ROUNDS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARTER SECREST & EMERY LLP (MAURA MCGUIRE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 20, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the weapon seized from his residence was the product of an illegal search and that Supreme Court therefore erred in refusing to suppress it. We reject that contention. The search was conducted by parole officers "in furtherance of parole purposes and related to [their] dut[ies] as . . . parole officer[s]" (*People v Johnson*, 63 NY2d 888, 890 [internal quotation marks omitted], *rearg denied* 64 NY2d 647; *see People v Davis*, 101 AD3d 1778, 1779, *lv denied* 20 NY3d 1060; *People v Scott*, 93 AD3d 1193, 1194, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001). The parole officers had a reasonable basis to believe that a gun would be located in the residence based on the suspicious nature of defendant's statement that he had been shot in the foot by an unknown assailant at his residence, and based on the fact that no evidence of a third-party shooter was uncovered during the police investigation (*see People v Nappi*, 83 AD3d 1592, 1594, *lv denied* 17 NY3d 820; *see generally People v Huntley*, 43 NY2d 175, 181). Contrary to defendant's contention, the fact that the parole officers received assistance from a police officer at the scene did not render the search a police operation requiring a search warrant (*see Davis*, 101 AD3d at 1779; *Nappi*, 83 AD3d at 1594; *People v Johnson*, 54 AD3d 969, 970).

We reject defendant's further contention that the court erred in failing to suppress the statements he made to a police officer at the hospital, prior to receiving *Miranda* warnings. Under the circumstances, we conclude that defendant was not in custody when he made those statements (*see People v Drouin*, 115 AD3d 1153, 1155-1156, *lv denied* 23 NY3d 1019; *see generally People v Forbes*, 182 AD2d 829, 829-830, *lv denied* 80 NY2d 895). We therefore reject defendant's further contention that the post-*Miranda* statements should be suppressed as fruit of the unlawful pre-*Miranda* questioning (*see People v Adelman*, 1 AD3d 1029, 1030).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court