# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1131**

**KA 12-01917**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DOUGLAS FARMER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 10, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), defendant contends that County Court erred in refusing to suppress evidence seized by parole officers during the search of his apartment because the search was unlawful. We reject that contention. We conclude that "the record supports the court's determination that the search was 'rationally and reasonably related to the performance of the parole officer's duty' and was therefore lawful" (*People v Johnson*, 94 AD3d 1529, 1531-1532, *lv denied* 19 NY3d 974, quoting *People v Huntley*, 43 NY2d 175, 181). Indeed, "defendant's parole officer testified that he alone made the decision to include defendant on the list of parolees to be searched, and that he was motivated to do so by legitimate reasons related to defendant's status as a parolee" (*id.* at 1532). His testimony established that defendant's placement on a search detail list was motivated by "information supplied by [a confidential informant that] provided [defendant's parole officer with] a reasonable basis to believe that defendant was selling drugs" (*People v Felder*, 272 AD2d 884, 884, *lv*

*denied* 95 NY2d 905; *see People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820; *People v Johnson*, 54 AD3d 969, 970, *lv denied* 16 NY3d 798). To the extent that defendant challenges that testimony, we "afford deference to the court's determination that the parole officer's testimony was credible" (*Johnson*, 94 AD3d at 1532), and we conclude that there is no basis on this record to disturb the court's determination. The court thus properly determined that "[t]he search, initiated by the parole officer based upon information that defendant was selling drugs . . . , was substantially related to the performance of the parole officer's duty to detect and prevent parole violations" (*People v Smith*, 234 AD2d 1002, 1002, *lv denied* 89 NY2d 988).

Contrary to defendant's further contention, inasmuch as the search was initiated and conducted by the Division of Parole, and was in furtherance of parole purposes and related to the parole officers' duties, the fact that a police officer provided the parole officers with assistance in gaining entry to the apartment in order to facilitate the search does not demonstrate that the parole officers acted as agents or conduits for the police (*see People v Vann*, 92 AD3d 702, 703, *lv denied* 19 NY3d 868; *see also Johnson*, 94 AD3d at 1532; *Johnson*, 54 AD3d at 970; *People v Peterson*, 6 AD3d 363, 364, *lv denied* 3 NY3d 710). Indeed, we conclude that "the assistance of police officers at the scene did not render the search a police operation" (*Vann*, 92 AD3d at 703), and the record does not establish that the entry into defendant's apartment was otherwise unlawful.

Defendant also contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence on the ground that the People failed to show constructive possession of the drugs and drug paraphernalia by demonstrating that defendant " 'had dominion and control over the area where the contraband was found' " (*People v Davis*, 101 AD3d 1778, 1779, *lv denied* 20 NY3d 1060; *see* Penal Law § 10.00 [8]). We conclude that defendant's contentions are without merit. Each of the crimes with which defendant was charged required proof of knowing possession (*see* Penal Law §§ 220.06 [5]; 220.16 [1]; 220.50 [2], [3]). Under a theory of constructive possession, "the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573). Nonetheless, "exclusive access is not required" (*People v Nichol*, 121 AD3d 1174, 1177, *lv denied* 25 NY3d 1205; *see People v Torres*, 68 NY2d 677, 679; *People v Fuller*, 168 AD2d 972, 973, *lv denied* 78 NY2d 922). Here, the People established that defendant was living in an efficiency apartment as the sole tenant, and that his parole officer had conducted various home visits with defendant at that apartment (*see Davis*, 101 AD3d at 1779-1780). Despite defendant's testimony that other people had access to the apartment, we conclude that the circumstances here provided the jury with "a sufficient basis . . . to conclude that . . . defendant [was] guilty of constructive possession of [the] contraband found within the apartment" (*Torres*, 68 NY2d at 679). Thus, viewed in the light most favorable to the People, the evidence is legally sufficient to establish that he had dominion and control over the area where the

contraband was found (*see Davis*, 101 AD3d at 1780; *see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of these possessory crimes in this jury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495; *Davis*, 101 AD3d at 1780). To the extent that defendant contends that the drugs and drug paraphernalia were "planted" in his apartment, we note that "[i]t is well settled that issues of credibility are best determined by the jury, given its opportunity to observe the demeanor of the witnesses" and, here, "[i]t cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Blocker*, 281 AD2d 943, 944, *lv denied* 96 NY2d 826; *see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the court abused its discretion in sentencing him as a second felony drug offender without affording him the opportunity to substantiate his constitutional challenge to the predicate felony conviction with the transcripts of the proceeding underlying that conviction and without holding a hearing for that purpose. Inasmuch as defendant did not controvert the existence of the predicate felony conviction, it was incumbent upon defendant "to allege and prove facts to establish his claim that the conviction was unconstitutionally obtained" (*People v Konstantinides*, 14 NY3d 1, 15; *see* CPL 400.21; *People v Harris*, 61 NY2d 9, 15). The record establishes that defendant, who was proceeding pro se, alleged certain constitutional violations in writing, and repeatedly and timely requested the necessary transcripts in order to prepare his constitutional challenge. The court promised to obtain the transcripts for defendant, acknowledged on the scheduled hearing date its oversight in failing to act on that promise and, upon being challenged by defendant at a rescheduled hearing, ultimately admitted that, after months of adjournments, it had decided not to order the transcripts as it had previously promised. Although there is no requirement that a trial court obtain such transcripts on a defendant's behalf, we conclude that, under the circumstances of this case, the court should not have proceeded to sentencing without at least attempting to obtain the transcripts sought by defendant and providing defendant a hearing on his constitutional challenge to the predicate felony conviction (*see People v Gonzalez*, 108 AD2d 622, 624; *cf. People v Ruscito*, 206 AD2d 841, 842, *lv denied* 84 NY2d 872; *see also People v Zeoli*, 212 AD2d 935, 935, *lv denied* 85 NY2d 916). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to fulfill those steps before sentencing defendant. In light of our determination, we do not reach defendant's challenge to the severity of the sentence.

Entered: February 11, 2016                    Frances E. Cafarell
                                              Clerk of the Court