■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT FELDER, Appellant. [49 NYS3d 407]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered February 9, 2015, as amended February 13, 2015, convicting him, after a nonjury trial, of attempted forcible touching, sexual abuse in the third degree, and two counts of harassment in the second degree, and sentencing him to an aggregate term of three months, unanimously modified, on the facts, to the extent of vacating the harassment conviction with respect to complainant A.R., and dismissing that count of the information, and otherwise affirmed.

Except as indicated, the verdict was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility and identification. However, in performing elements-based review regarding the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that complainant A.R.'s testimony that defendant apparently mistook her for someone else, and "grazed" her arm, from her mid-shoulder to her hand, after which she walked away, did not support an inference that defendant intended to harass, annoy or alarm her (*see* Penal Law § 240.26 [1]; *People v Bracey*, 41 NY2d 296, 301 [1977]).

To the extent the record permits review, we find that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). A CPL 710.40 (4) motion to reopen the *Wade* hearing based on trial testimony would have been unavailing, because this testimony would not have materially affected the suppression determination (*see People v Clark*, 88 NY2d 552, 555 [1996]), and because the alleged new facts would have been within defendant's own knowledge and thus could not have satisfied the requirement of reasonable diligence (*see People v Morales*, 281 AD2d 182 [1st Dept 2001], *lv denied* 96 NY2d 922 [2001]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.