# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

516

KA 14-00727

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHARLES REED, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 14, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that the firearm seized from his residence by his parole officer was the product of an unlawful search and that County Court therefore erred in refusing to suppress it. We reject that contention inasmuch as "the record supports the court's determination that the search was 'rationally and reasonably related to the performance of the parole officer's duty' and was therefore lawful" (*People v Johnson*, 94 AD3d 1529, 1531-1532, *lv denied* 19 NY3d 974, quoting *People v Huntley*, 43 NY2d 175, 181).

Here, the parole officer testified that he received information in a bulletin from an information-sharing collaboration of various law enforcement agencies that an individual with defendant's name was the suspect in a recent shooting of a former parolee. That information, coupled with the parole officer's knowledge of the weapons charge underlying defendant's parole status, defendant's history of gang involvement, and the current feud between the gang to which the shooting victim belonged and defendant's gang, provided the parole officer with a reasonable basis to believe that a firearm would be located in the residence (*see generally People v Rounds*, 124 AD3d 1351, 1351, *lv denied* 25 NY3d 107; *People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820; *People v Felder*, 272 AD2d 884, 884, *lv*

*denied* 95 NY2d 905).  The court thus properly determined that the search initiated by the parole officer was rationally and reasonably related to the parole officer's duty "to detect and to prevent parole violations for the protection of the public from the commission of further crimes" (*Huntley*, 43 NY2d at 181; *see Nappi*, 83 AD3d at 1593-1594).  Contrary to defendant's further contention, the record supports the court's determination that " 'the assistance of police officers at the scene did not render the search a police operation' " (*People v Farmer*, 136 AD3d 1410, 1411, *lv denied* 28 NY3d 1027; *see Rounds*, 124 AD3d at 1351).

Finally, to the extent that defendant challenges the credibility of the parole officer's testimony, we "afford deference to the court's determination that the parole officer's testimony was credible" (*Johnson*, 94 AD3d at 1532), and we conclude that there is no basis on this record to disturb the court's determination.

Entered:  May 5, 2017                                Frances E. Cafarell
                                                     Clerk of the Court