People v Purnell (2018 NY Slip Op 07759)





People v Purnell


2018 NY Slip Op 07759


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-04260
 (Ind. No. 2320/14)

[*1]The People of the State of New York, respondent,
v
Kevin L. Purnell, appellant.


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), rendered March 11, 2016, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's parole officer testified at the suppression hearing in this case that she had been supervising the defendant since April of 2013. One of the conditions of the defendant's parole was that a parole officer could search his residence at any time. During her regular visits to the defendant's apartment in 2014, the defendant's parole officer noticed that the defendant had recently acquired a pet pit bull, a new television, and boxes of brand-name sneakers. She noted that the defendant was unemployed, and became suspicious of how the defendant was able to afford these items. She chose to do a parole search of the defendant's residence.
On April 9, 2014, the defendant's parole officer was informed by a police detective that the police department had arrested someone who informed them that the defendant possessed a gun. The parole officer's bureau chief approved the parole search of the defendant's apartment on May 29, 2014.
On June 10, 2014, the search was performed by the defendant's parole officer, other parole officers, and two police detectives. The search uncovered a white plastic bag filled with what appeared to be heroin and crack cocaine. The parole officers also found $1,200 in cash and five cell phones.
The Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence found in his apartment during the parole search, finding that the search was reasonably and rationally related to the performance of the duties of the defendant's parole officer.
The defendant subsequently pleaded guilty to three counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fifth degree.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778). "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Barnes, 129 AD3d 981, 982 [internal quotation marks omitted]; see People v Prochilo, 41 NY2d 759).
"While a person on parole is not denied the Fourth Amendment right to be free from unreasonable searches and seizures, the status of a parolee is always relevant and may be critical in evaluating the reasonableness of a particular search or seizure. A search which would be unlawful if directed against an ordinary citizen may be proper if conducted against a parolee" (People v McMillan, 130 AD3d 651, 653, affd 29 NY3d 145). A warrantless search of a parolee's home by a parole officer is valid if the parole officer's "conduct is rationally and reasonably related to the performance of his [or her] duty as a parole officer" (People v Huntley, 43 NY2d 175, 179; see People v Fridell, 81 AD2d 869).
Here, we agree with the Supreme Court's determination that the search by the defendant's parole officer of the defendant's apartment was rationally and reasonably related to the parole officer's performance of her duties (see People v Rounds, 124 AD3d 1351; People v Maynard, 67 AD3d 1391; People v Johnson, 54 AD3d 969, 970). Accordingly, we agree with the court's determination denying that branch of the defendant's omnibus motion which was to suppress physical evidence.
The defendant's contention that his factual allocution was insufficient because he did not admit the "intent to sell" element of criminal possession of a controlled substance in the third degree is unpreserved for appellate review, since he failed to move to withdraw his plea before sentencing (see People v Pryor, 11 AD3d 565). In any event, we find that the plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543; People v Lopez, 71 NY2d 662, 666; People v Harris, 61 NY2d 9, 17). The defendant's allocution to criminal possession of a controlled substance in the third degree was proper (see Penal Law § 220.16[1]; People v Herring, 83 NY2d 780, 782).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is academic in light of our determination.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court