People v Williams (2020 NY Slip Op 01795)





People v Williams


2020 NY Slip Op 01795


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


281 KA 18-00807

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE WILLIAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 11, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant's conviction stems from the seizure of a firearm following a search of his residence by parole officers. We reject defendant's contention that County Court (Aloi, J.) erred in refusing to suppress the physical evidence discovered during the search. A senior parole officer testified at the suppression hearing that he made the determination to search defendant's residence based on defendant's recent parole violations (see People v Goss, 143 AD3d 1279, 1280 [4th Dept 2016], lv denied 28 NY3d 1145 [2017]; People v Scott, 93 AD3d 1193, 1194 [4th Dept 2012], lv denied 19 NY3d 967 [2012], reconsideration denied 19 NY3d 1001 [2012]). We agree with the court that the search was "rationally and reasonably related to the performance of the parole officer's duty" (People v Huntley, 43 NY2d 175, 181 [1977]; see People v Reed, 150 AD3d 1655, 1655-1656 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]). Contrary to defendant's contention, the fact that the police were notified of the search and assisted the parole officers after the firearm was discovered did not render the search a police operation (see People v Wheeler, 149 AD3d 1571, 1572 [4th Dept 2017], lv denied 29 NY3d 1095 [2017]). We have reviewed defendant's remaining contentions regarding the search of his residence and conclude that none warrants reversal or modification of the judgment. 
Finally, we conclude that defendant's sentence is not unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court