Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered July 10, 2002, convicting defendant after a jury trial of, inter alia, assault in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on count three of the indictment, assault in the second degree, and as modified the judgment is affirmed, and the matter is remitted to Oswego County Court for resentencing on count three of the indictment.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (§ 205.30) arising from an incident during which he bit a deputy sheriff on the finger and punched him several times. Defendant failed to preserve for our review his contention that the evidence of physical injury is legally insufficient to establish his guilt of assault in the second degree (see People v Gray, 86 NY2d 10, 19 [1995]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject his further contention with respect to the legal sufficiency of the evidence supporting the conviction, and we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s further contentions, County Court did not abuse its discretion in admitting in evidence a videotape of part of the incident (see People v Hill, 281 AD2d 917, 918 [2001], lv denied 96 NY2d 902 [2001]) and in sustaining the People’s objection to a proffered cross-examination of the complaining witness (see People v Antonetty, 268 AD2d 254 [2000], lv denied 94 NY2d 945 [2000]).
We note that the court imposed a determinate term of imprisonment based upon its misapprehension that such a sentence is mandatory for assault in the second degree. A determinate term of imprisonment is an authorized sentence *889 for assault in the second degree (see Penal Law § 70.02 [2] [b]; [3] [c]), but it is not required and, although some imprisonment is mandatory (see § 60.05 [5]), a definite term of imprisonment of one year or less under Penal Law § 70.00 (4) or an intermittent term of imprisonment under sections 60.05 (5) and 85.00 is also authorized (see People v Housman, 291 AD2d 665, 666 [2002], lv denied 98 NY2d 638 [2002]), as is a split sentence of imprisonment and probation (§60.01 [2] [d]). We therefore modify the judgment by vacating the sentence imposed on count three of the indictment, assault in the second degree, and we remit the matter to Oswego County Court for resentencing on that count (see People v John, 288 AD2d 848, 850 [2001], lv denied 97 NY2d 705 [2002]). The sentence on the remaining count is not unduly harsh or severe. We have reviewed defendant’s remaining contentions and conclude that they are without merit. Present—Pigott, Jr., PJ., Pine, Wisner and Kehoe, JJ.