■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DELORENZO, JR., Appellant. [823 NYS2d 564]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 29, 2005, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In satisfaction of a seven-count indictment, defendant pleaded guilty to assault in the second degree. Under the terms of the plea agreement, he was to be sentenced to no more than two years of incarceration. At sentencing, however, County Court imposed a sentence of 1 to 3 years in prison to run consecutive to time that defendant was then serving on a youthful offender parole violation. After the Department of Correctional Services expressed its view that the sentence was not appropriate, further proceedings were conducted concerning the propriety of the sentence. County Court adhered to the sentence as originally imposed and defendant now appeals.

Defendant argues that the indeterminate sentence of 1 to 3 years in prison is illegal. The People concede that this is the case and we agree. In *People v Housman* (291 AD2d 665 [2002], *lv denied* 98 NY2d 638 [2002]), we noted: "Assault in the second degree is a class D violent felony (*see*, Penal Law § 70.02 [1] [c]) for which [the] defendant was required to be sentenced in accordance with the sentencing provisions applicable to class D felonies (*see*, Penal Law § 70.00 [2], [3]), provided, however, *that any sentence of imprisonment to be served in State prison was required to be a determinate sentence of at least two years but not to exceed seven years* (*see*, Penal Law § 70.02 [2] [b]; [3] [c])" (*id.* at 666 [emphasis added]). Although there are limited exceptions where a definite, intermittent or split sentence may be imposed (*see People v Endresz*, 1 AD3d 888, 888-889 [2003]), there is no statutory authorization for an indeterminate sentence. Therefore, the sentence must be vacated and the matter remitted to County Court for resentencing. In view of our disposition, we need not address defendant's remaining claims.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a sentence of imprisonment of 1 to 3 years upon defendant's conviction of the crime of assault in the second degree; said sentence vacated and matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.