# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**893**

**KA 12-01719**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANGEL R. ESCALERA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ALICIA M. LILLEY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 12, 2012.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), defendant contends that Supreme Court erred in denying his motion to suppress the cocaine found by his parole officer during a search of his apartment. According to defendant, the warrantless search of his apartment was unlawful because the parole officer was acting as an agent of the United States Drug Enforcement Agency (DEA), which lacked sufficient evidence to obtain a warrant.  Defendant failed to preserve his contention for our review, inasmuch as he contended at the suppression hearing that his parole officer, in conducting the search in question, was acting as a de facto agent of the local police while, on appeal, he contends that the parole officer was acting on behalf of the DEA (*see* CPL 470.05 [2]).  In any event, we reject defendant's present contention.

A parolee's right to be free from unreasonable searches and seizures is not violated if a parole officer's search of the parolee's person or property "is rationally and reasonably related to the performance of his duty as a parole officer" (*People v Huntley*, 43 NY2d 175, 179; *see People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820).  A parole officer's search is unlawful, however, when the parole officer is "merely a 'conduit' for doing what the police could not do otherwise" (*People v Mackie*, 77 AD2d 778, 779).  Stated

differently, "a parolee's status ought not to be exploited to allow a search which is designed solely to collect contraband or evidence in aid of the prosecution of an independent criminal investigation" (*People v Candelaria*, 63 AD2d 85, 90).

Here, defendant's contention that the parole officer was acting as an agent of the DEA is undermined by the uncontroverted testimony of the parole officer that she was informed by a DEA agent prior to the search that the federal prosecutor "will most likely not want to get involved" in the case if an arrest were made, and by the fact that no federal charges were ever lodged against defendant. Rather, the parole officer testified that she conducted the search because she received credible information from law enforcement sources that defendant possessed a large quantity of cocaine in his apartment, which violated his parole conditions, and the court found her testimony in that regard to be credible. We thus conclude that the court properly determined that the search was rationally and reasonably related to the performance of the parole officer's duties, and that suppression was therefore not warranted (*see People v Davis*, 101 AD3d 1778, 1779, *lv denied* 20 NY3d 1060; *People v Johnson*, 94 AD3d 1529, 1531-1532, *lv denied* 19 NY3d 974).

By pleading guilty, defendant forfeited his contention that he was deprived of his right to testify before the grand jury (*see People v Ross*, 113 AD3d 877; *People v Straight*, 106 AD3d 1190, 1191). Defendant, who pleaded guilty after three days of trial, correctly concedes that he failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct because he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665; *People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). In any event, that contention is also forfeited by his guilty plea (*see generally People v Parris*, 4 NY3d 41, 49, *rearg denied* 4 NY3d 847).

We have reviewed defendant's remaining contentions and conclude that, even assuming, arguendo, that they survive his guilty plea, they lack merit.

Entered:  October 3, 2014                         Frances E. Cafarell
                                                  Clerk of the Court