# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

360
KA 11-00686
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ELIJAH W. ADAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered February 24, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments rendered by County Court on the same day. In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty of, respectively, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). In appeal No. 3, defendant appeals from a judgment entered upon his admission that he violated the terms and conditions of his probation, revoking his probation, and sentencing him to concurrent terms of incarceration of 2⅓ to 7 years on the underlying conviction of assault in the second degree (§ 120.05 [3]), attempted assault in the second degree (§§ 110.00, 120.05 [2]), and reckless endangerment in the first degree (§ 120.25).

We reject defendant's contention in appeal Nos. 1 and 2 that the search by the probation officers of his home and a safe located therein was unlawful. Although probationers and parolees have a constitutional right to be free from unreasonable searches and seizures (*see People v Hale*, 93 NY2d 454, 459; *People v Johnson*, 94 AD3d 1529, 1531, *lv denied* 19 NY3d 974), " 'what may be unreasonable with respect to an individual who is not on parole [or probation] may be reasonable with respect to one who is' " (*Johnson*, 94 AD3d at 1531, quoting *People v Huntley*, 43 NY2d 175, 181). The conditions of

defendant's probation regarding drug and alcohol use and prohibiting his ownership of firearms were a proper basis for the probation officers' search of his home and property therein (*see Hale*, 93 NY2d at 462; *People v Wheeler*, 99 AD3d 1168, 1170, *lv denied* 20 NY3d 989). The search was carried out as part of the probation officers' duties as probation officers, and "the assistance of police officers at the scene did not render the search a police operation" (*People v Johnson*, 54 AD3d 969, 970; *see Johnson*, 94 AD3d at 1532; *People v Scott*, 93 AD3d 1193, 1194, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001).

Defendant contends that we must reverse the judgment in appeal No. 3 in the event that we reverse the judgments in appeal Nos. 1 and 2 (*see generally People v Pichardo*, 1 NY3d 126, 129). We reject defendant's contention, inasmuch as we are affirming the judgments in appeal Nos. 1 and 2. We conclude, however, that the sentence in appeal No. 3 must be vacated. Assault in the second degree is a class D violent felony for which an indeterminate sentence is not authorized (*see* Penal Law § 70.02 [1] [c]; [2] [b]; *People v Delorenzo*, 34 AD3d 868, 869; *see generally People v Endresz*, 1 AD3d 888, 888-889). In addition, the indeterminate term of 2⅓ to 7 years' imprisonment exceeded the authorized sentence for the class E nonviolent felony of attempted assault in the second degree (*see* § 70.00 [2] [e]; [3] [b]; [4]). " 'Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983). We therefore modify the judgment in appeal No. 3 by vacating the sentence, and we remit the matter to County Court "to afford defendant the opportunity to accept an amended lawful sentence or to withdraw his admission to the violation of probation" (*People v Jones*, 118 AD3d 1361, 1362).

Entered:  March 20, 2015

Frances E. Cafarell
Clerk of the Court