# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**839**

**KA 14-01533**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

RAYSEAN GOSS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO, FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 24, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). Defendant's conviction stems from the seizure of cocaine and drug paraphernalia during a search of his residence conducted by parole officers and police officers. Defendant's parole officer testified at the suppression hearing that he made the determination to search defendant's residence based on defendant's recent parole violations and the fact that, despite being unemployed, on one occasion he possessed a large sum of cash (*see People v Maynard*, 67 AD3d 1391, 1391, *lv denied* 14 NY3d 890). We agree with Supreme Court that the search was "rationally and reasonably related to the performance of the parole officer's duty" (*People v Huntley*, 43 NY2d 175, 181; *see People v Escalera*, 121 AD3d 1519, 1520, *lv denied* 24 NY3d 1083). Contrary to defendant's contention, the fact that another parole officer and police officers assisted defendant's parole officer during the search did not render it a police operation (*see People v Adams*, 126 AD3d 1405, 1405-1406, *lv denied* 25 NY3d 1158). Defendant's remaining contentions regarding the search of his residence were not raised in his motion papers or before the suppression court and are therefore not preserved for our review (*see generally People v Schluter*, 136 AD3d 1363, 1363, *lv denied* 27 NY3d

1138; *People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  Finally, the period of postrelease supervision is not unduly harsh or severe (*see People v Singer*, 104 AD3d 1311, 1312).

Entered:  October 7, 2016                            Frances E. Cafarell
                                                    Clerk of the Court