# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200**
**KA 15-00762**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JEFFREY SAPP, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (JAMES M. MARRA OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 5, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress evidence seized during a search of his residence by parole officers. We reject that contention.

A parolee's right to be free from unreasonable searches and seizures is not violated if a parole officer's search of the parolee's person or property "is rationally and reasonably related to the performance of his [or her] duty as a parole officer" (*People v Huntley*, 43 NY2d 175, 179; *see People v Escalera*, 121 AD3d 1519, 1520, *lv denied* 24 NY3d 1083; *People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820). A parole officer's search is unlawful, however, when the parole officer is "merely a conduit for doing what the police could not do otherwise" (*Escalera*, 121 AD3d at 1520 [internal quotation marks omitted]). Thus, "a parolee's status ought not to be exploited to allow a search which is designed solely to collect contraband or evidence in aid of the prosecution of an independent criminal investigation" (*People v Candelaria*, 63 AD2d 85, 90).

Contrary to defendant's contention, we conclude that the record

supports the court's determination that the search was " 'rationally and reasonably related to the performance of the parole officer's duty' and was therefore lawful" (*People v Johnson*, 94 AD3d 1529, 1532, *lv denied* 19 NY3d 974). The parole officer testified that he searched defendant's apartment for the purpose of determining if defendant was in violation of the conditions of his parole because he "received credible information from law enforcement sources that defendant possessed a large quantity of cocaine in his" residence (*Escalera*, 121 AD3d at 1520). With respect to the credibility of the law enforcement source, the parole officer's testimony, along with the testimony of an agent with the Federal Bureau of Investigation (FBI) and other parole officers, established that the parole officer received credible information, originating from a confidential informant of the FBI agent who had proven to be reliable in the past, that defendant was in possession of a large quantity of cocaine (*see People v Robinson*, 72 AD3d 1277, 1278, *lv denied* 15 NY3d 809). To the extent that defendant challenges that testimony, we "afford deference to the court's determination that the . . . testimony [of the People's witnesses] was credible" (*Johnson*, 94 AD3d at 1532).

We conclude that defendant's further contention that the parole officer was acting as an agent of law enforcement agencies is undermined by the testimony of defendant's parole officer and an FBI agent that the law enforcement agency played no role in the decision to search defendant's residence. The FBI agent further testified that the FBI was not investigating defendant on this matter, did not have an open file on defendant, and did not relay the information in order to have the parole officers search defendant's home on their behalf (*see Escalera*, 121 AD3d at 1520). Thus, we cannot conclude on this record that the search was "designed solely to collect contraband or evidence in aid of the prosecution of an independent criminal investigation" (*Candelaria*, 63 AD2d at 90).

Defendant concedes that his remaining contention regarding the search of his residence is unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to defendant's remaining contentions, we note that, " '[b]y pleading guilty, defendant forfeited review of [Supreme] Court's *Molineux* and [*Sandoval*] ruling[s]' " (*People v Pierce*, 142 AD3d 1341, 1341; *see People v Ingram*, 128 AD3d 1404, 1404, *lv denied* 25 NY3d 1202).

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court