People v Johnson (2021 NY Slip Op 03699)





People v Johnson


2021 NY Slip Op 03699


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


360 KA 20-00784

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR E. JOHNSON, SR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
VICTOR E. JOHNSON, SR., DEFENDANT-APPELLANT PRO SE.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered December 18, 2019. The judgment convicted defendant upon his plea of guilty of attempted enterprise corruption. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted enterprise corruption (Penal Law
§§ 110.00, 460.20 [1] [a]). We affirm.
Initially, to the extent that the purported waiver of the right to appeal is relevant to any of his contentions, we agree with defendant that he did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Mazaika, 191 AD3d 1419, 1419 [4th Dept 2021]).
Addressing first defendant's contentions in his main brief, we reject defendant's assertion that Supreme Court erred in refusing to entertain his pro se motions to withdraw his plea. "Because a criminal defendant is not entitled to hybrid representation, . . . the decision to entertain [pro se] motions [filed by a represented defendant] lies within the sound discretion of the trial court" (People v Rodriguez, 95 NY2d 497, 500 [2000]; see People v Alsaifullah, 96 AD3d 1103, 1103 [3d Dept 2012], lv denied 19 NY3d 994 [2012]). Here, we conclude that the court did not abuse its discretion in refusing to entertain the pro se motions (see Rodriguez, 95 NY2d at 502-503; People v Fowler, 136 AD3d 1395, 1395 [4th Dept 2016], lv denied 27 NY3d 996 [2016], reconsideration denied 27 NY3d 1132 [2016]). Contrary to defendant's related contention, we conclude that the court did not abuse its discretion in denying defense counsel's request for a further adjournment of sentencing to afford him an opportunity to review defendant's pro se motions (see People v Spears, 24 NY3d 1057, 1058-1060 [2014]; People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Defendant's challenge to the voluntariness of his plea is thus not preserved for our review (see People v Carroll, 172 AD3d 1821, 1822 [3d Dept 2019], lv denied 34 NY3d 929 [2019]; People v Horton, 166 AD3d 1226, 1227 [3d Dept 2018]), and we conclude that this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Furthermore, by pleading guilty, defendant forfeited his challenges to the court's Molineux and Sandoval rulings (see People v Sapp, 147 AD3d 1532, 1534 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]).
Defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel, which rendered his plea involuntary, because defense counsel failed to properly investigate, did not adequately seek discovery, provided inadequate advice during their conversations, and failed to move for a competency examination. Defendant's contention survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019]). Here, defendant's contention "is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a 'mixed claim of ineffective assistance' " (People v Tallegrand, 177 AD3d 783, 784 [2d Dept 2019]; see Spencer, 170 AD3d at 1615). Where, as here, "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the [mixed] claim' " to the extent it survives the guilty plea (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018] [emphasis omitted]; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
Even assuming, arguendo, that defendant preserved for our review his further contention in his pro se supplemental brief that the court erred in failing to recuse itself, we conclude that "the record does not support his claim of bias on the part of the court and, thus, recusal was not required" (People v Barnes, 156 AD3d 1417, 1419 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]; see generally People v McCann, 85 NY2d 951, 952-953 [1995]; People v Moreno, 70 NY2d 403, 405-406 [1987]). In addition, by pleading guilty before the court decided his pro se motion—which was adopted by defense counsel—to dismiss the indictment on statutory and constitutional speedy trial grounds, defendant abandoned those claims and is foreclosed from pursuing the merits thereof on appeal (see People v Hardy, 173 AD3d 1649, 1649-1650 [4th Dept 2019], lv denied 34 NY3d 932 [2019]; see also People v Rodriguez, 50 NY2d 553, 558 [1980]).
Finally, we have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are either without merit or involve matters outside the record.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court