People v Thompson (2022 NY Slip Op 06946)

People v Thompson

2022 NY Slip Op 06946

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2015-05861
 (Ind. No. 9802/13)

[*1]The People of the State of New York, respondent,
v
Norman Thompson, appellant.

Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Seth M. Lieberman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered June 17, 2015, convicting him of criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Alexander B. Jeong, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The specific arguments that the defendant makes to support his contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence are unpreserved for appellate review, as they were not raised before the court (see CPL 470.05[2]; People v Vann, 92 AD3d 702, 702). In any event, the arguments are without merit, as the search of the defendant's apartment was justified (see People v Huntley, 43 NY2d 175, 181; People v Goss, 143 AD3d 1279, 1280), and the physical evidence recovered was not the "fruit of the poisonous tree" (People v Ramirez-Portoreal, 88 NY2d 99, 110 [internal quotation marks omitted]).
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30(1)(a). Where a defendant is charged with a felony, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]; People v Beasley, 16 NY3d 289, 291; People v Carter, 91 NY2d 795, 798). "Excludable periods include, inter alia, reasonable periods of delay resulting from other proceedings concerning the defendant, such as pretrial motions, or continuances obtained on consent or at the request of the defendant" (People v Murray, 154 AD3d 881, 882; see CPL 30.30[4][a], [b]). In this case, the relevant six-month period was 181 days, which commenced with the filing of the felony complaint on November 13, 2013 (see CPL 1.20 [17]). The People concede that they are chargeable with the 40-day period following the filing of the felony complaint on November 13, 2013.
The period between November 25, 2014, and April 25, 2015, was excludable pursuant to CPL 30.30(4)(g)(i) (see People v Hamilton, 159 AD3d 559, 560). With respect to the period between February 6, 2014, and May 8, 2014, it was the defendant's duty, either in his initial motion [*2]papers or in a reply, to draw the Supreme Court's attention to this period that he now claims should have been chargeable to the People (see People v Beasley, 16 NY3d at 292). Since the defendant failed to do so, this claim is unpreserved for appellate review (see CPL 470.05[2]; People v Beasley, 16 NY3d at 292; People v Cox, 161 AD3d 1100, 1100-1101), and, in any event, the claim is without merit. Since the total delay chargeable to the People was less than the statutory period set forth in CPL 30.30(1), the defendant's motion was properly denied (see People v Martinez, 186 AD3d 1530, 1531-1532).
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the conviction was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court