People v McMillan (2023 NY Slip Op 03620)

People v Mcmillan

2023 NY Slip Op 03620

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

444 KA 22-00632

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAMERE MCMILLAN, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (GARY T. KELDER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered December 7, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). During a routine inspection of defendant's residence, a parole officer observed a knife on defendant's person and a holster in his bedroom. The parole officer then conducted a search of the residence during which he observed drug paraphernalia and what appeared to be the handle of a handgun. He informed the police, and police officers searched the residence pursuant to a search warrant. We affirm.
As an initial matter, defendant correctly contends and the People correctly concede that defendant did not validly waive his right to appeal. County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea . . . and thus the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Murray, 197 AD3d 1017, 1017 [4th Dept 2021], lv denied 37 NY3d 1147 [2021] [internal quotation marks omitted]; see People v Jones, 211 AD3d 1489, 1490 [4th Dept 2022]; People v Rodriguez, 199 AD3d 1458, 1458 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]). The court also "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (Murray, 197 AD3d at 1017 [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; Jones, 211 AD3d at 1490). The written waiver signed by defendant at sentencing did not "cure the ambiguit[ies] in the . . . court's colloquy . . . ; rather, the written waiver[] . . . repeated many of the errors in County Court's colloqu[y] and, in any event, the court failed to confirm that [defendant] . . . understood the contents of the written waiver[]" (Thomas, 34 NY3d at 566 [internal quotation marks omitted]; see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Anderson, 210 AD3d 1464, 1464-1465 [4th Dept 2022]).
Defendant contends that the court erred in refusing to suppress evidence obtained as a result of the search of his residence by his parole officer. We reject that contention. "[A] parolee's constitutional right to be secure against unreasonable searches and seizures is not violated when his [residence] is searched, without a search warrant, by his parole officer if the latter's conduct is rationally and reasonably related to the performance of his duty as a parole officer" (People v Huntley, 43 NY2d 175, 179 [1977]; see People v Sapp, 147 AD3d 1532, 1533 [*2][4th Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Escalera, 121 AD3d 1519, 1520 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]). We conclude that the parole officer's testimony established that the home that was searched was defendant's residence and, to the extent that defendant challenges the parole officer's testimony, we "afford deference to the court's determination that the testimony [of the parole officer] was credible" (People v Sapp, 147 AD3d 1532, 1533 [4th Dept 2017], lv denied 29 NY3d 1086 [2017] [internal quotation marks omitted]). We further conclude that the record supports the court's determination that the search of the residence in question was "rationally and reasonably related to the performance of the parole officer's duty and was therefore lawful" (People v Johnson, 94 AD3d 1529, 1532 [4th Dept 2012], lv denied 19 NY3d 974 [2012] [internal quotation marks omitted]). Furthermore, the parole officer testified that, upon entering the residence, he observed a knife clipped to defendant's clothes, in violation of defendant's conditions of parole, and that, upon entering defendant's bedroom, he observed an empty holster. At that point, the parole officer's search of the bedroom and another room was rationally and reasonably related to the parole officer's duty to detect and to prevent additional parole violations (see People v Derby, 172 AD3d 1908, 1909 [4th Dept 2019], lv denied 33 NY3d 1068 [2019]; People v Reed, 150 AD3d 1655, 1655-1656 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; see generally People v Goss, 143 AD3d 1279, 1280 [4th Dept 2016], lv denied 28 NY3d 1145 [2017]; Escalera, 121 AD3d at 1520).
Defendant failed to preserve for our review his further contention that he was not properly adjudicated a second violent felony offender because neither the People nor the court complied with CPL 400.15 (see People v Hall, 82 AD3d 1619, 1620 [4th Dept 2011], lv denied 16 NY3d 895 [2011]; People v Myers, 52 AD3d 1229, 1230 [4th Dept 2008]). In any event, that contention is without merit. The record establishes that there was "substantial compliance with CPL 400.15 . . . inasmuch as both defendant and defense counsel received adequate notice and an opportunity to be heard with respect to the prior conviction" (Hall, 82 AD3d at 1620 [internal quotation marks omitted]; see People v Bouyea, 64 NY2d 1140, 1142 [1985]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court